Conformed Copy

FILED

2008 APR 17 PM 1:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

BY_____

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Joseph Cho (SBN 198844)
   Initiative Legal Group LLP
3  1800 Century Park East, 2nd Floor
4  Los Angeles, California 90067
   Telephone: (310) 556-5637
5  Facsimile: (310) 861-9051
6  Email:  JCho@InitiativeLegal.com
7  Attorneys for Plaintiff, TIA ANDERSON

8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11

| | |
|---|---|
| 12  TIA ANDERSON, individually, and on 13  behalf of all others similarly situated, | **Case Number:** **CV08-02543 RSWL (AGRx)** **CLASS /COLLECTIVE ACTION** |
| 14            Plaintiff, | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| 15      vs. | |
| 16 | (1) Violation of Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (Unpaid Overtime); |
| 17  DRIVETIME CAR SALES, INC., an  Arizona corporation; DT CREDIT 18  CORPORATION, an Arizona  corporation; DRIVETIME SALES 19  AND FINANCE CO., a business entity  form unknown; DRIVETIME 20  AUTOMOTIVE GROUP, a business 21  entity form unknown; and DT  ACCEPTANCE CORPORATION, a 22  business entity form unknown, | (2) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| 23 | (3) Violation of California Labor Code §§ 226.7 and 512(a) (Denial of Meal and Rest Periods); |
| 24 | |
| 25            Defendants. | (4) Violation of California Labor Code § 226(a) (Improper Wage Statements); |
| 26 | |
| 27 | (5) Violation of California Labor Code §§ 201 and 202 (Wages not Paid Upon Termination); |
| 28 | |

(6) Violation of <u>California Labor Code</u> § 204 (Failure to Pay Wages);

(7) Violation of <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>

**DEMAND FOR JURY TRIAL**

Representative Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1.       This is a class and collective action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, compensation for missed meal and rest periods, waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia,* Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2.       Representative Plaintiff brings this action on behalf of herself and other persons similarly situated (hereinafter referred to collectively as the "Class Members") who are, or have been, employed by the Defendants as an "Account Representative" and other positions with similar titles, positions and/or duties within the applicable statutory periods.

3.       Plaintiff reserves the right to establish sub-classes as appropriate.

4.       The "FLSA Class" period is designated as the time from April 16, 2005 to the date of final judgment, based upon the allegation that the violations of the FLSA, as described more fully below, have been ongoing since at least this date.

5.       The "UCL Class" period is designated as the time from April 16, 2004 through the date of final judgment, based upon the allegation that the nationwide violations of California's wage and hour laws, as described more fully below, have

1 | been ongoing since that time.

2 |      6.     The "California Class" period is designated as the time from April 16,

3 | 2004 through the date of final judgment, based upon the allegation that the

4 | violations of California's wage and hour laws, as described more fully below, have

5 | been ongoing since that time.

6 |      7.     During the Class Periods, DRIVETIME CAR SALES, INC., DT

7 | CREDIT CORPORATION, DRIVETIME SALES AND FINANCE CO.,

8 | DRIVETIME AUTOMOTIVE GROUP, and/or DT ACCEPTANCE

9 | CORPORATION (collectively, "Defendants") have had a consistent policy of: (1)

10 | permitting, encouraging, and/or requiring their Class Members, including

11 | Representative Plaintiff, to work in excess of forty (40) hours per week and/or eight

12 | (8) hours per day without paying them overtime compensation as required by the

13 | FLSA and California's wage and hour laws; (2) unlawfully denying the

14 | Representative Plaintiff and UCL and California Class Members statutorily

15 | mandated meal and rest periods; (3) willfully failing to pay compensation (including

16 | unpaid overtime) in a prompt and timely manner to Representative Plaintiff and

17 | California Class Members whose employment with Defendants terminated; and (4)

18 | willfully failing to provide Representative Plaintiff and California Class Members

19 | with accurate semi-monthly itemized wage statements, which, among other things,

20 | must provide in writing the inclusive dates of the pay period, all hourly rates, the

21 | Social Security number, and the full and correct legal name and address of the

22 | employer entity.

23 | **INTRODUCTION**

24 |      8.     The Fair Labor Standards Act of 1938, as amended, §§ 201, et seq.,

25 | provides for minimum standards for both wages and overtime entitlement, and

26 | details administrative procedures by which covered work time must be

27 | compensated. The enactment of the provisions of the FLSA provided the Federal

28 | Courts with substantial authority to stamp out abuses of child labor, equal pay,

1  portal-to-portal activities as well as the overtime pay provisions at issue in this

2  Complaint.

3       9.    According to Congressional findings, the existence of labor conditions

4  detrimental to the maintenance of the minimum standard of living engenders unfair

5  commercial competition, labor disputes, barriers to commerce and the free flow of

6  goods in commerce, and interferes with the orderly and fair marketing of goods.

7       10.   California's Labor Code and Industrial Welfare Commission Wage

8  Orders provide even more expansive protection to hourly workers, including, but

9  not necessarily limited to, entitlements to overtime pay and work performed beyond

10  eight hours per day and substantial penalties for the denial of rest and meal periods.

11       11.   Both Federal and California studies have linked long work hours to

12  increased rates of accident and injury and a loss of family cohesion when either or

13  both parents are kept away from home for extended periods of time, on either a daily

14  or weekly basis.

15       12.   Representative Plaintiff is informed and believes and, based thereon,

16  alleges that, within the Class Periods, Defendants have operated numerous facilities

17  throughout the United States.  In so doing, Defendants have employed over one

18  hundred individuals in recent years alone in "Account Representative" positions,

19  employment positions which have not, and currently do not, meet any test for

20  exemption from the payment of overtime wages.

21       13.   Despite actual knowledge of these facts and legal mandates,

22  Defendants have enjoyed an advantage over their competition and have

23  disadvantaged their workers by electing not to pay premium (overtime) wages,

24  and/or not paying wages for missed meal and rest periods and/or not paying

25  penalties (i.e. "waiting time" penalties) to particular "Account Representatives,"

26  among other employment positions, for all hours worked.

27       14.   Representative Plaintiff is informed and believes and, based thereon,

28  alleges that officers of Defendants knew of these facts and legal mandates, yet,

1 | nonetheless, repeatedly authorized and/or ratified the violation of the laws cited
2 | herein.

3 |       15.    Despite Defendants' knowledge of the Plaintiff Classes' entitlement to
4 | premium (overtime) pay, and meal and/or rest periods for all applicable work
5 | periods, Defendants failed to provide the same to members of the Plaintiff Classes in
6 | violation of the FLSA and California state statutes, Industrial Welfare Commission
7 | Orders and Title 8 of the California Code of Regulations.  This action is brought to
8 | redress and end this long-time pattern of unlawful conduct.

9 | **JURISDICTION AND VENUE**

10 |       16.    This Court has jurisdiction of this action pursuant to the provisions of
11 | the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.,
12 | including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in
13 | light of the existence of a controversy arising under the laws of the United States (28
14 | U.S.C. § 1331), diversity jurisdiction under 28 U.S.C. § 1332, and supplemental
15 | jurisdiction to consider claims arising under California state law, pursuant to 28
16 | U.S.C. § 1367.

17 |       17.    Venue as to Defendants is proper in this judicial district, pursuant to 28
18 | U.S.C. § 1391.  Defendants maintain offices in the Central District of California –
19 | Western Division and transact business, have agents, and are otherwise within this
20 | Court's jurisdiction for purposes of service of process.  The unlawful acts alleged
21 | herein have a direct effect on Representative Plaintiff and those similarly situated
22 | within the State of California and within this judicial district.  Defendants operate
23 | said facilities and have employed numerous Class Members in this judicial district
24 | as well as throughout the State of California and the United States of America.

25 | **PLAINTIFF**

26 |       18.    Representative Plaintiff TIA ANDERSON is a natural person and was,
27 | during the relevant time period identified herein, employed by Defendants in their
28 | Los Angeles office and at other places as an "Account Representative" pursuant to a

- 4 -

1 │ series of successive written compensation plans.

2 │      19.    In said position, the Representative Plaintiff was repeatedly paid a

3 │ substandard wage in so far as she was denied full pay for all hours worked,

4 │ including overtime pay, and was frequently permitted to work, and did work during

5 │ the class periods, shifts exceeding four hours or a major fraction thereof (of at least

6 │ three and one-half hours) without being afforded ten minute rest periods and without

7 │ being afforded mandatory meal periods.  The Representative Plaintiff is informed

8 │ and believes, and based thereon, alleges that this conduct of Defendants is/was

9 │ commonplace at every location owned and operated thereby.

10 │      20.    As used throughout this Complaint, the terms "Class Members" and/or

11 │ "Plaintiff Classes" refer to the Representative Plaintiff herein as well as each and

12 │ every person eligible for membership in the Plaintiff Classes, as further described

13 │ and defined below.

14 │      21.    At all times herein relevant, the Representative Plaintiff was, and now

15 │ is, a person within each of the Classes of persons further described and defined

16 │ herein.

17 │ **DEFENDANTS**

18 │      22.    Defendant DRIVETIME CAR SALES, INC., was and is, upon

19 │ information and belief, an Arizona corporation, and at all times hereinafter

20 │ mentioned, an employer whose employees are engaged throughout this county, the

21 │ State of California, or the various states of the United States of America.

22 │      23.    Defendant DT CREDIT CORPORATION, was and is, upon

23 │ information and belief, an Arizona corporation, and at all times hereinafter

24 │ mentioned, an employer whose employees are engaged throughout this county, the

25 │ State of California, or the various states of the United States of America.

26 │      24.    Defendant DRIVETIME SALES AND FINANCE CO. was and is,

27 │ upon information and belief, a business entity form unknown, and at all times

28 │ hereinafter mentioned, an employer whose employees are engaged throughout this

1 | county, the State of California, or the various states of the United States of America.

2 |      25.    Defendant DRIVETIME AUTOMOTIVE GROUP was and is, upon

3 | information and belief, a business entity form unknown, and at all times hereinafter

4 | mentioned, an employer whose employees are engaged throughout this county, the

5 | State of California, or the various states of the United States of America.

6 |      26.    Defendant DT ACCEPTANCE CORPORATION was and is, upon

7 | information and belief, a business entity form unknown, and at all times hereinafter

8 | mentioned, an employer whose employees are engaged throughout this county, the

9 | State of California, or the various states of the United States of America.

10 |      27.    At all times herein mentioned, Defendants, and each of them, ratified

11 | each and every act or omission complained of herein. At all times herein

12 | mentioned, Defendants, and each of them, aided and abetted the acts and omissions

13 | of each and all the other Defendants in proximately causing the damages herein

14 | alleged.

15 |      28.    Plaintiff is informed and believes, and thereon alleges, that each of said

16 | Defendants is in some manner intentionally, negligently, or otherwise responsible

17 | for the acts, omissions, occurrences, and transactions alleged herein.

18 |      29.    Each Defendant acted in all respects pertinent to this action as the agent

19 | of the other Defendants and carried out a joint scheme, business plan and policy in

20 | all respects pertinent thereto, and the acts of each Defendant are legally attributable

21 | to the other Defendants.

22 |      30.    Representative Plaintiff is informed and believes and, on that basis,

23 | alleges that Defendants have, and do, directly and/or indirectly employed and/or

24 | exercised control over the wages, hours and working conditions of the

25 | Representative Plaintiff and the Class Members.

26 | **CLASS ACTION ALLEGATIONS**

27 |      31.    Representative Plaintiff brings this action individually and as a class

28 | action on behalf of all persons similarly situated and proximately damaged by

Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

> **FLSA Class:**  All persons who worked as Account Representatives or held similar titles or performed similar duties throughout the United States for Defendants at anytime between April 16, 2005 to the date of final judgment.

> **UCL National Class:**  All persons who worked as Account Representatives or held similar titles or performed similar duties throughout the United States for Defendants at anytime between April 16, 2004 to the date of final judgment.

> **California Class:**  All persons who worked as Account Representatives or held similar titles or performed similar duties throughout California for Defendants at anytime between April 16, 2004 to the date of final judgment.

32.     Defendants, their officers and directors, are excluded from each of these Plaintiff Classes.

33.     This action has been brought and may properly be maintained as a class/collective action under FRCP, Rule 23 and 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Plaintiff Classes are easily ascertainable.

> a.     Numerosity:  A class action is the only available method for the fair and efficient adjudication of this controversy.  The members of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and

believes and, on that basis, alleges that the total number of class members in each Plaintiff Class exceeds hundreds of individuals. Membership in the Plaintiff Classes will be determined upon analysis of, *inter alia*, employee and payroll records maintained by Defendants.

b.    <u>Commonality</u>:  The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class or collective action superior to other available methods for the fair and efficient adjudication of the controversy.  Consequently, class certification is proper under FRCP, Rule 23(b)(3) and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

i.    Whether Defendants violated and continue to violate, the FLSA and/or California laws by failing to pay overtime compensation to FLSA Class Members who worked in excess of 40 hours per week;

ii.    Whether Defendants violated and continue to violate, California Wage Order Nos. 7-98, 7-2000, 7-2001 and Labor Code § 510 by failing to pay overtime compensation to UCL and California Class Members who worked in excess of 40 hours per week and/or eight (8) hours a day;

iii.    Whether Defendants violated and continue to violate, California Business and Professions Code §§ 17200, et seq., by failing to pay overtime compensation to UCL and California Class Members who worked in excess of forty (40) hours per week and/or eight (8) hours a day;

iv.    Whether Defendants violated, and continue to violate, California

- 8 -

Labor Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to the UCL and/or California Class Members;

v.   Whether Defendants violated, and continue to violate, California Labor Code §§ 201 and 202 by failing to pay all wages due and owing at the time California Class Members' employment with Defendants terminated;

vi.   Whether the Representative Plaintiff and the California Class Members are entitled to "waiting time" penalties/wages pursuant to CaliforniaLabor Code § 203;

vii.   Whether Defendants violated, and continue to violate, California Labor Code § 226 by failing to provide semi-monthly itemized wage  statements to California Class Members, which, among other things, must include in writing the inclusive dates of the pay period, all hourly rates, the Social Security number, and the full and correct legal name and address of the employer entity; and,

viii.   Whether Defendants violated, and continue to violate, California Labor Code § 204 by failing to timely pay wages due and owing to Plaintiff and California Class Members.

c.   Typicality:  The Representative Plaintiff's claims are typical of the claims of the Plaintiff Classes. The Representative Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein.

d.   Superiority of Class Action:  Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or

- 9 -

1   may make it, impractical for Class Members to seek redress
2   individually for the wrongful conduct alleged herein.  Should separate
3   actions be brought or be required to be brought by each individual
4   Class Member, the resulting multiplicity of lawsuits would cause undue
5   hardship and expense for the Court and the litigants.  The prosecution
6   of separate actions would also create a risk of inconsistent rulings,
7   which might be dispositive of the interests of other Class Members who
8   are not parties to the adjudications and/or may substantially impede
9   their ability to adequately protect their interests.  Moreover, the
10  Representative Plaintiff is informed and believes, and based thereon
11  alleges, that Defendants, in refusing to pay overtime to the FLSA Class
12  Members and the UCL and California Class Members, have acted and
13  refused to act on grounds generally applicable to all claims, thereby
14  making appropriate injunctive and monetary relief for all members of
15  each class.  Consequently, class certification is proper under FRCP,
16  Rule 23(b)(2) and 29 U.S.C. § 216(b).

17      e.   <u>Adequacy of Representation:</u>  The Representative Plaintiff in this class
18           action is an adequate representative of the Plaintiff Classes, in that the
19           Representative Plaintiff's claims are typical of those of the Plaintiff
20           Classes; and the Representative Plaintiff has the same interests in the
21           litigation of this case as the Class Members.  The Representative
22           Plaintiff is committed to vigorous prosecution of this case and has
23           retained competent counsel, experienced in litigation of this nature.
24           The Representative Plaintiff is not subject to any individual defenses
25           unique from those conceivably applicable to the Class as a whole.  The
26           Representative Plaintiff anticipates no management difficulties in this
27           litigation.
28  \\

## COMMON FACTUAL ALLEGATIONS

34. As described herein, Defendants have, for years, knowingly failed to adequately compensate those Class Members within the class definitions identified above for premium (overtime) wages due under the FLSA (29 U.S.C. §§ 206 and 207), California Labor Code § 510 and applicable California Wage Orders. Moreover, Defendants have knowingly failed to provide said workers with mandatory meal and rest periods, thereby enjoying a significant competitive edge over other companies. Among other means, Defendants engaged in unlawful business practices requiring Class Members to work numerous hours of overtime on a daily and/or weekly basis and prevented Class Members from taking rest and meal periods.

35. Representative Plaintiff and the California Class Members were, and are, unlawfully denied meal period and rest periods required by law.

36. Moreover, California Labor Code §§ 201 and 202 require Defendants to pay all wages due to members of the California Class immediately upon discharge. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days.

37. More than 30 days have passed since Representative Plaintiff and certain California Class Members have left Defendants' employ.

38. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, certain California Class Members are entitled to 30 days wages as penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

39. Furthermore, Defendants violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the California Class. Defendants also failed to provide Representative

1  Plaintiff and members of the California Class with accurate semi-monthly itemized
2  wage statements, which must, among other things, provide in writing the inclusive
3  dates of the pay period, all hourly rates, the Social Security number, and the full and
4  correct legal name and address of the employer entity, in violation of California
5  Labor Code § 226.  In so doing, Defendants have not only failed to pay their
6  workers the full amount of compensation due, they have, until now, effectively
7  shielded themselves from their employees' scrutiny for their unlawful conduct by
8  concealing the magnitude (the full number of hours worked) and financial impact of
9  their wrongdoing.

10

11                     **FIRST CAUSE OF ACTION**

12            **UNLAWFUL FAILURE TO PAY OVERTIME WAGES**

13                          **(FLSA Class)**

14       40.     Representative Plaintiff incorporates in this cause of action each and
15  every allegation of the preceding paragraphs, with the same force and effect as
16  though fully set forth herein.

17       41.     At all relevant times hereto, Defendants employed FLSA Class
18  Members and engaged them in commerce, as defined under 29 U.S.C. §§ 203(b),
19  (e), (g) and 29 U.S.C. § 207(a)(1).  At all times relevant hereto, Defendants have
20  been an "enterprise engaged in commerce or in the production of goods for
21  commerce," as defined under 29 U.S.C. §203(s)(1).

22       42.     Representative Plaintiff is informed and believes, and thereon alleges,
23  that Defendants have required, or requires, the FLSA Class Members as part of their
24  employment to work without additional compensation, such as overtime, in excess
25  of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That section
26  provides the following:

27            Except as otherwise provided in this section, no employer shall
28            employ any of his employees . . . for a workweek longer than forty

1          hours unless such employee receives compensation for his

2          employment in excess of the hours above specified at a rate which

3          is not less than one and one-half times the regular rate at which he

4          is employed.

5      43.    Indeed, in the performance of their duties for Defendants, members of

6  the FLSA Class often did work over forty hours per week, yet did not receive

7  overtime compensation for the work, labor and services they provided to

8  Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise

9  number of unpaid overtime hours will be proven at trial.

10      44.    Representative Plaintiff proposes to undertake appropriate proceedings

11  to have such FLSA Class Members aggrieved by Defendants' unlawful conduct

12  notified of the pendency of this action and join this action as plaintiffs, pursuant to

13  29 U.S.C. § 216(b), by filing written consents to join with the Court.

14      45.    Defendants' violations of the FLSA were willful.

15      46.    As a result of the foregoing, Representative Plaintiff seeks judgment

16  against Defendants on her own behalf, and on behalf of those FLSA Class Members

17  similarly situated who file written consents to join in this action, for all unpaid

18  wages, including overtime wages owed by Defendants to the Representative

19  Plaintiff and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207 together with an

20  award of an additional equal amount as liquidated damages, and costs, interest, and

21  reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

22

23                   **SECOND CAUSE OF ACTION**

24      **UNLAWFUL FAILURE TO PAY OVERTIME WAGES**

25                **(UCL and California Class)**

26      47.    Representative Plaintiff incorporates in this cause of action each and

27  every allegation of the preceding paragraphs, with the same force and effect as

28  though fully set forth herein.

48.     During the Class Period, Representative Plaintiff and the UCL and California Class Members worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek. The precise number of overtime hours will be proven at trial.

49.     During said time period, Defendants refused to compensate Representative Plaintiff and the UCL and California Class Members for some and/or all of the overtime wages earned in violation of applicable Wage Order(s) and the provisions of the California Labor Code.

50.     At all relevant times, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, the following:

        a. Labor Code § 510: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in anyone workweek and the first eight hours worked on the seventh day of work in anyone workweek shall be compensated at the rate of no less than one and one-halftimes the regular rate of pay for an employee . . ."

        b. Labor Code § 1194: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

        c. Labor Code § 1198: "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

51.     By refusing to compensate Representative Plaintiff and the UCL and California Class Members for overtime wages earned, Defendants willfully violated those California Labor Code provisions cited herein, as well as various Industrial Welfare Commission Wage Orders.

52.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and the UCL and California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

53.     Representative Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (UCL and California Class)

54.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55.     At all relevant times, Defendants were aware of, and were under a duty to comply with California Labor Code § 512 and California Labor Code § 226.7.

California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and

- 15 -

employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Moreover, California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

56.    Industrial Wage Commission Wage Order Nos. 7-2001(11) and (12) also mandate that employers provide all applicable meal and/or rest periods to their workers.

IWC Wage Order No. 7-2001(11) provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . .

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular

- 16 -

1    rate of compensation for each workday that the meal period is not

2    provided.

3    57.    IWC Wage Order No. 7-2001 (12) provides:

4    (A) Every employer shall authorize and permit all employees to take

5    rest periods, which insofar as practicable shall be in the middle of

6    each work period. The authorized rest period time shall be based on

7    the total hours worked daily at the rate of ten (10) minutes net rest

8    time per four (4) hours or major fraction thereof . . .

9    (B) If an employer fails to provide an employee a rest period in

10   accordance with the applicable provisions of this order, the employer

11   shall pay the employee one (1) hour of pay at the employee's regular

12   rate of compensation for each workday that the rest period is not

13   provided.

14   58.    By failing to consistently provide meal and rest periods to

15   Representative Plaintiff and the UCL and California Class Members, Defendants

16   violated these California Labor Code and IWC Wage Order provisions.

17   59.    As a direct and proximate result of Defendants' unlawful conduct, as set

18   forth herein, Representative Plaintiff and the UCL and California Class Members

19   have sustained damages, including lost wages, and are entitled to recover such

20   damages and attorneys' fees and costs under California law, in an amount to be

21   established at trial.

22   60.    Representative Plaintiff is informed and believes that Defendants are

23   guilty of oppression, fraud, or malice, thereby warranting an award of punitive

24   damages against Defendants for the sake of example, and to punish Defendants and

25   deter others from engaging in similar misconduct.

26   \\

27   \\

28   \\

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (California Class)

61.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

California Labor Code § 226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

62.    The IWC Wage Orders also establish this requirement in § 7(B) thereof (8 Cal. Code Regs. §§ 11010 et seq.).

63.    Moreover, California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000),

- 18 -

1   and is entitled to an award of costs and reasonable attorney's fees.

2   64.   Finally, California Labor Code § 1174 provides:

3   Every person employing labor in this state shall: (d) Keep, at a central

4   location in the state . . . payroll records showing the hours worked daily

5   by and the wages paid to . . . employees . . . These records shall be kept

6   in accordance with rules established for this purpose by the

7   commission, but in any case shall be kept on file for not less than two

8   years.

9   65.   Representative Plaintiff seeks to recover actual damages, costs and

10   attorneys' fees under these provisions on behalf of herself and the California Class

11   Members.

12   66.   Defendants failed to provide timely, accurate itemized wage statements

13   to Representative Plaintiff and the California Class Members in accordance with

14   Labor Code § 226(a) and the IWC Wage Orders.  The violations include, without

15   limitation, the failure to provide the inclusive dates of the pay period, the failure to

16   provide all hourly rates, the failure to provide Social Security numbers, and the

17   failure to provide the full and correct legal name and address of the employer entity.

18   As a direct and proximate result of Defendants' unlawful conduct, as set forth

19   herein, Representative Plaintiff and the California Class Members have sustained

20   damages in an amount to be established at trial, and are entitled to recover attorneys'

21   fees and costs of suit.

22

23   **FIFTH CAUSE OF ACTION**

24   **FAILURE TO PAY WAGES ON TERMINATION**

25   **(California Class)**

26   67.   Representative Plaintiff incorporates in this cause of action each and

27   every allegation of the preceding paragraphs, with the same force and effect as

28   though fully set forth herein.

- 19 -

68. California Labor Code § 203 provides that:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

69. Representative Plaintiff and certain California Class Members were employed by Defendants during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all wages due upon said termination or within seventy-two (72) hours of said resignation of employment there from. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

70. More than thirty days has elapsed since Representative Plaintiff and the California Class Members were terminated and/or resigned from Defendants' employ.

71. As a direct and proximate result of Defendants' willful conduct in failing to pay said California Class Members for all hours worked, Representative Plaintiff and certain California Class Members are entitled to recover "waiting time" penalties for unpaid wages over thirty days, pursuant to Labor Code § 203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

\\
\\
\\
\\
\\
\\

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (UCL and California Class)

72.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

73.     California Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

74.     California Labor Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

75.     California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

76.     During the relevant time period, Defendants willfully failed to pay Plaintiff and the UCL and California Class Members the regular and overtime wages due to them, within any time period permissible by California Labor Code § 204.

77.     Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

\\

\\

\\

## SEVENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (UCL and California Class)

78.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

79.   Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop the misconduct of Defendants, as complained of herein, and to seek restitution from Defendants of amounts acquired through the unfair, unlawful and fraudulent business practices described herein.

80.   The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200 et seq.  Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

81.   Defendants' knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200 et seq.

82.   Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the UCL and California Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

\\

\\

\\

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Collective Action

1. Designation of the first cause of action as a collective action on behalf of the FLSA Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

2. Designation of Plaintiff as a Representative of the FLSA Class.

### Class Certification

3. That this action be certified as a class action;

4. That Plaintiff be appointed as the representative of the UCL Class and the California Class; and

5. That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

6. That the Court declare, adjudge and decree that (a) the Representative Plaintiff and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiff and the FLSA Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

7. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

8. Costs of action incurred herein, including expert fees;

- 23 -

9.    For reasonable attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

10.    Pre-judgment and post-judgment interest as provided by law; and

11.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

12.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to California Class Members and the UCL Class Members;

13.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15.    For punitive and/or exemplary damages according to proof at trial;

16.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

17.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

18.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide meal periods (including second meal periods) and/or rest periods to California Class Members and the UCL Class Members;

19.    That the Court make an award to the Representative Plaintiff and the UCL and California Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

20.    That the Court make an award to the Representative Plaintiff and the

California Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.    For all actual, consequential, and incidental losses and damages, according to proof;

22.    For wages pursuant to California Labor Code § 226.7(b);

23.    For punitive and/or exemplary damages according to proof at trial;

24.    For reasonable attorneys' fees and costs of suit incurred herein; and

25.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

26.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and section 7 of the Wage Orders as to Representative Plaintiff and the California Class, and willfully failed to provide accurate semi-monthly itemized wage statements thereto;

27.    For all actual, consequential and incidental losses and damages, according to proof;

28.    For statutory penalties pursuant to California Labor Code § 226(e);

29.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

30.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 226(e); and

31.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

32.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of the termination of the employment of

1  Representative Plaintiff and other terminated California Class Members;

2      33.    For all actual, consequential and incidental losses and damages,

3  according to proof;

4      34.    For statutory penalties pursuant to California Labor Code § 203 for

5  Plaintiff and all other class members who have left Defendants' employ;

6      35.    For reasonable attorneys' fees and for costs of suit incurred herein; and

7      36.    For such other and further relief as the Court may deem equitable and

8  appropriate.

9  As to the Sixth Cause of Action

10      37.    That the Court declare, adjudge and decree that Defendants violated

11  California Labor Code § 204 by willfully failing to pay all compensation owed, at

12  the time required by Labor Code § 204, to Representative Plaintiff and UCL and

13  California Class Members;

14      38.    For all actual, consequential and incidental losses and damages,

15  according to proof;

16      39.    For statutory penalties pursuant to California Labor Code § 204 for

17  Plaintiff and all other class members;

18      40.    For pre-judgment interest on any untimely paid compensation, from the

19  date such amounts were due;

20      41.    For punitive and/or exemplary damages according to proof at trial;

21      42.    For reasonable attorneys' fees and costs of suit incurred herein; and

22      43.    For such other and further relief as the Court may deem equitable and

23  appropriate.

24  As to the Seventh Cause of Action

25      44.    That the Court declare, adjudge and decree that Defendants violated

26  California Business and Professions Code §§ 17200, et seq. by failing to pay

27  Representative Plaintiff and all Class Members overtime compensation, failing to

28  provide UCL and California Class Members meal and/or rest periods, failing to pay

1   for missed meal and/or rest periods to said employees, and/or failing to pay UCL

2   and California Class Members' wages timely as required by Labor Code §§ 201

3   through 204;

4      45.    For restitution of  unpaid wages to Plaintiff and all Class Members and

5   prejudgment interest from the day such amounts were due and payable;

6      46.    For the appointment of a receiver to receive, manage and distribute any

7   and all funds disgorged from Defendants and determined to have been wrongfully

8   acquired by Defendants as a result of violations of California Business &

9   Professions Code § 17200, et seq.;

10     47.    For reasonable attorneys' fees and costs of suit incurred herein that

11  Plaintiff and other class members are entitled to recover under California Code of

12  Civil Procedure § 1021.5;

13     48.    For injunctive relief to ensure compliance with this section, pursuant to

14  California Business & Professions Code § 17200, et seq.; and

15     49.    For such other and further relief as the Court may deem equitable and

16  appropriate.

17

18  Dated: April 17, 2008                     Respectfully submitted,
                                              Initiative Legal Group LLP

19

20                                       By: _____

21                                              Mark Yablonovich

22                                              Marc Primo

23                                              Joseph Cho
                                                Attorneys for Plaintiff

24

25

26

27

28

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## **JURY DEMAND**

Representative Plaintiff and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: April 17, 2008

Respectfully submitted,
Initiative Legal Group LLP

By: _____
Mark Yablonovich
Marc Primo
Joseph Cho
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV08- 2543 RSWL (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

M. Yablonovich (186670); Marc Primo (216796)
Joseph Cho (198844)
INITIATIVE LEGAL GROUP LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIA ANDERSON, individually, and on behalf of all others similarly situated,<br><br>                                        PLAINTIFF(S)<br><br>                    v.<br><br>DRIVETIME CAR SALES, INC., an Arizona corporation; DT CREDIT CORPORATION, an Arizona corporation; DRIVETIME SALES AND FINANCE CO., a business entity form unknown; DRIVETIME AUTOMOTIVE GROUP, a business entity form unknown; and DT ACCEPTANCE CORPORATION, a business entity form unknown,<br><br>                                        DEFENDANT(S). | CASE NUMBER<br><br>**CV08-02543 RSWL (AGRx)**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Joseph Cho_____, whose address is _Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, CA 90067_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __APR 1 7 2008_____

By: _____**NATALIE LONGORIA**_____

Deputy Clerk

(Seal of the Court)

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

**Conformed Copy**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT    CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TIA ANDERSON, individually, and on behalf of all others similarly situated

**DEFENDANTS** DRIVETIME CAR SALES, INC., an Arizona corporation; DT CREDIT CORPORATION, an Arizona corporation; DRIVETIME SALES AND FINANCE CO., a business entity form unknown; DRIVETIME AUTOMOTIVE GROUP, a business entity form unknown; and DT ACCEPTANCE CORPORATION, a business entity form unknown

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
M. Yablonovich (186670); Marc Primo (216796); Joseph Cho (198844)
INITIATIVE LEGAL GROUP LLP
1800 Century Park East, 2nd Floor, Los Angeles, CA 90067
Telephone: (310) 556-5637

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION UNDER F.R.C.P. 23:** ☒ Yes   ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cal. Lab. Code §§ 510 and 1198 (Unpaid Overtime); CLC §§ 226.7(a) and 512(a) (Denial of Meal and Rest Periods); CLC § 226(a) (Improper Wage Statements); CLC §§ 201 and 202 (Wages not Paid Upon Termination); CLC § 204 (Failure to Pay Wages); Cal. Bus. & Prof. Code §§ 17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No   ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV08-02543

## UNITED STAT      DISTRICT COURT, CENTRAL DISTRICT      CALIFORNIA
### CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
　　Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary.)
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
　　Arizona

List the California County, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
　　Los Angeles

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date ____April 17, 2008____

**Notice to Counsel/Parties:**  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |